SUPREME COURT—IN BANCO.

APRIL TERM—1876.

*Harris and Judd, J. J.*

BOARD OF EDUCATION vs. WILLIAM H. BAILEY.

A COMMISSIONER of Boundaries has not jurisdiction to apportion water rights or other appurtenant rights of lands; he may only determine boundary lines.

OPINION BY HARRIS, J.

On the 5th day of November, 1873, Mr. William H. Bailey applied to the Commissioner of Boundaries for the

island of Maui, for determination of the boundaries of the land called "Makaehu," situated in Kula, district of Makawao, island of Maui, and the Board of Education, owning the adjoining land of "Makawae," appeal from the decision made by the Commissioner on that petition.

It is objected at the hearing before this Court that the 4th Section of the Act to facilitate the settlement of boundaries, enacts that "all owners of Ahupuaas and Ilis of land within this kingdom, whose lands have not been awarded by the Land Commissioners, patented or conveyed by deed from His Majesty the King, by boundaries decided in such award, patent, or deed, are hereby required within five years from the 23d day of August, A. D. 1868, to file with the Commissioner of Boundaries for the circuit in which the land is situated, an application to have the boundaries of said land decided and certified to by said Commissioner or his successor in office." And that the petition does not set forth that the land under consideration was awarded, deeded or patented without the boundaries being described in such award, deed or patent, and therefore it was not within the authority of the Commissioner. It is asserted, that in point of fact, there was no award for this land, and the land Commission record was produced to support that fact. It is certain that the Commissioner would have no right to pass upon the title of the land, and it is certain that the Board of Education have a right in the land of Makawao.

Their grant is undisputed. And as the Minister of Interior has requested that the Court would go on and adjudicate the matter, notwithstanding the objection, and as the said Minister has filed his assent in writing, and as, by the filing of such assent all parties in interest or who may, possibly, have any interest in the land, are before the Court and seeking its aid, we will proceed with the adjudication.

It appears from the decision of the Commissioner, which is certified up, that after proceeding to set forth the bound-

aries by survey, he adds the following words and incorporates them into his decision: "And the right to the water of the springs of Kawaihou to be divided equally between Makawao and the Ahupuaa of Makaehu."

Both parties are satisfied with the boundaries as set forth in the Commissioner's award, but the Board of Education object to the incorporation of the above quoted remark in the decree, because the Commissioner's authority is confined to finding the boundaries and setting up the boundary marks.

We find the objection of the Board of Education well taken; when the Commissioner has decided the boundaries, he can go no farther; he cannot say the boundaries are thus and so, but A has such and such rights on B's side of the boundary. If the spring of Kawaihou falls on the Makawao side of the boundary, and the owner of Makaehu thinks that he has a right in the spring, he must establish that right in a Court of law, if it is denied to him by the owner of Makawao, and *vice versa.* And we therefore adjudge that the decree of the Commissioner be corrected, by striking out the words " a o ka pono wai ma na mapuna wai o Kawaihou e mahele like ia no Makawao a me ke Ahupuaa o Makaehu," and that the rest of the Commissioner's award do stand affirmed. Let the costs of appeal be divided.

A. S. Hartwell for plaintiff.

E. Preston for respondent.

Honolulu, May 5th, 1876.